Good morning. The first case we're going to hear is In Re Jeffrey Prosser, number 14-1633. Good morning. May it please the Court, Samuel Israel of Fox Rothschild. I represent James Carroll, the Chapter 7 trustee, and I would like to reserve four minutes for rebuttal. That is granted. Thank you, Your Honor. Congress in 28 U.S.C. 1334 distinguished between cases, a bankruptcy case filed under Title 11, which the Court has exclusive and original jurisdiction, the District Court, with proceedings, civil proceedings that relate or are filed in or under there too. So the congressional scheme shows a main bankruptcy case and proceedings filed under. Did you, Mr. Israel, did you argue in front of the bankruptcy court that this was a non-final order? Did you make the pitch to the bankruptcy court that? What we argued was we believed that, we weren't sure, but we believed that the district judge had remanded for further proceedings, meaning additional fact-finding. And you pressed that point pretty hard, didn't you? You said we're entitled to a hearing, this is an open order, it's not final, give us additional hearing. We did argue that and we lost that. And frankly, the reason we appealed was because I wouldn't think we had a choice. Well, so, yeah, so I guess I'm having a little bit of difficulty. What's different other than the fact that you lost? How is it the case that it wasn't final when you were arguing before the bankruptcy judge and now you're asserting that it is? Why aren't, in other words, there's going to be a time when there is a final order, right, when all parties and all issues involved in the adversary case are dealt with by the bankruptcy court and presumably an appeal can be taken to the district court then, can it not? Well, they've been dealt with because, in fact, the bankruptcy court said it just entered, it vacated the sanctions order and it entered the vacated order and we were done. Well, hold on just a minute. Did the adversary proceeding involve anybody other than the Chapter 7 trustee? It did and that was finished up a couple of years ago. So the status of the adversary proceeding as it involved the Chapter 11 trustee and others, that's done? That was gone a couple of years ago, yeah, that was done, and the court found that there was no bribery or anything like that and issued its ruling then. What happened in this case was that a motion was filed for sanctions after dismissal of my firm and my client and that was granted and then this appeal was taken to the district court. Sure, we understand that. I guess I'm trying to figure out what the state of play is, and maybe the easiest way for me to ask that is, is there another scenario, is there a way for you to appeal this order other than to press your assertion now that there was a final order and it was appealable? There's no other way. The case is over and, in fact, when Judge Walrath just entered and vacated the order, it was done. We had to appeal. You couldn't have taken an appeal when the rest of the adversary proceeding was concluded? You couldn't have appealed that then to the district court? Well, but that was done before the district court had decided. The bankruptcy court issued its order on the whole adversary proceeding way before the district court decided to remand and reverse the sanctions order. So the timing was that the adversary proceeding ended, like, in 2010, and then there was no appeal taken, and then two years later or three years later, the district court decided the appeal of the sanctions order. So that was all that was live. That was all that was left in the case. Just so we can be clear, the adversary proceeding here is, I mean, the genesis of it is the motion for an evidentiary hearing, right? That's correct. Okay. And then a complaint was filed thereafter, an adversary complaint was filed. But that was done in 2010. No one appealed it, and it was a final. What was appealed earlier before Judge Fitzgerald decided that was the sanctions order. That wasn't decided by the district court until very recently. Like in 2013, I believe. I'm sorry, the years go by. But it was in 2013. That was all that was left in the case at that point. So the issue was with Judge Walrath, what was she to do when the case law is clear that if it's just a ministerial act. We did argue, Judge Jordan, you're correct, that we thought additional fact-finding should be done. However, the fact of the matter is that we didn't have a choice because if we didn't appeal this order, right, up to this court, and we were wrong and Judge Walrath decided that there's nothing left to be done and we took that up and we lost, then we would be out of time to appeal this order. So we had to protectively appeal the original order just so it could come up here and be decided. And we also believe it's final. We do think under the case law it's sufficiently final. So you took this as a prophylactic appeal, but you did not appeal at the conclusion of the adversary proceeding. No, because at the conclusion of the adversary proceeding, this was still pending, the appeal was still pending in the district court. So can I just, I just want to make sure we have the sequence. There is the January 2010 deposition, right? Correct. Which leads to the press release, the adversary complaint, the motion on conflicts. So that's all in 2010. Correct. Then there is a dismissal within about six weeks of that adversary complaint, correct? As to us and as to my client. Okay. Without prejudice. Without prejudice. Right. The judge said we would be brought back in at trial if evidence was found out. Then there's the motion for sanctions. And we're still in 2010, am I correct? Correct. Okay. And then the bankruptcy court decides the whole adversary in 2010. And the sanctions motion? Yeah. Before it decided the whole adversary. So it decides the sanction motion. First. First. And then your adversary appeals it to the district court. Correct. It's pending before the district court. Correct. In the meantime, all the adversary proceeding is decided and done. And no appeal is taken. Then the. The last appeal taken was late and so it was thrown out. Then the district court, after the adversary proceeding is completed, it's dismissed and concluded as to all parties. Then the district court rules on the appeal on the sanctions motion. Two years later. And then vacates. Correct. At least the words in the order are vacate and remand. But if you look at the opinion, the judge uses words like reverse because of a lack of an explanation about bad faith, am I correct? That's exactly right. And then it comes back to the bankruptcy court. Now we're in 2014. That's correct. So in February of 2014, you file your protective notice of appeal. I'm sorry, the order is in 2014. March of 2014, you file a protective notice of appeal and are arguing before the district court, maybe we should have more fact-finding. Right. Right. Thank you, Your Honor. That's said better than I could. And then, in fact, so we believe that it was final and that the issue should be heard. And the issue is, you know, whether or not the judge, the district judge was incorrect that an adversary proceeding can multiply proceedings of bad faith in the 1927. If you read that statute in pari materiae with 1334, the jurisdictional enabling statute, we believe you can only conclude that proceedings such as an adversary proceeding can multiply proceedings in bad faith. If you look at the Schaefer-Salt case, which was the last time this Court spoke on 1927, that dealt with an issue of whether the bargain warrant judge had jurisdictions of sanction. But that was a filing in a bankruptcy case. It was the actual petition. And in that case, this Court had no problems remanding and saying, that can be the basis for sanctions. So assume we thought you're right about that, Mr. Israel. I don't want to keep beating a dead horse here. But I am having problems with one thing. We're not supposed to just look at the district court order. We're supposed to look at the finality of the bankruptcy court order, too. That's correct. Correct? That is correct. What makes the bankruptcy court sanctions order a final one when it did not resolve all issues as to all parties? What made that an order that you could have properly appealed to the district court when you appealed it? No, we didn't appeal it. I'm sorry. What made it a proper – right, they appealed it and prevailed. What made that a proper order? I think under bankruptcy case law, finality is a different concept than with regard to the regular – Sure, but we've said, in fact, on more than one occasion, that when it comes to adversary proceedings, we take the more traditional or more stringent view, haven't we? Yeah, that very well may be the case. And perhaps, Your Honor, suggesting that wasn't a final order, but the district court did decide it, it did treat it as it was final, and it did assert jurisdiction over it, and it did vacate it. Which raises the question I'm trying to get at, and that is if the district court was wrong to address it, if what the district court should have done was to say, listen, this isn't a final order, you can't appeal this, and it wrongly took jurisdiction, does that mean we can take jurisdiction? Well, then I think the district court order has to be reversed at this point because it would be sort of a nullity, and you would then have to go back to the original sanctions order and reenter it, I suppose, if that's what the court is saying. In other words, if the court – I'm not saying anything. I'm just asking. No, no, I understand. If that's the question, then I think if it was improper – if the district court improperly asserted jurisdiction, then my understanding is it's a – their action is a nullity. And therefore, this court would have to vacate the district court for taking an action which it didn't have jurisdiction to take, I think. That's how that would play out if it was never final to begin with. Let me ask you another question. Regarding the 1927 issue, this case is a little bit unique. Given that, really, it was a motion that started this whole thing and for procedural reasons made into an adversary proceeding, couldn't the motion itself have been considered to multiply the bankruptcy proceeding? Well, it could have. It could have, except the only problem there is that it was filed in the district court. And I think the case law is that you have to file – it can only multiply the proceedings in the court you're in. But – You're talking about the – are you referring to the motion to conduct the hearing that got referred to the bankruptcy court? Correct, yes. But then thereafter, there were other motions. Oh, yes, yes. Then there was a conflicts motion. So, yes, that can – all of those proceedings can multiply the proceedings as our position. And, in fact, we believe that it did multiply the proceedings in bad faith. And there was sufficient implicit, as the case law suggests, an implicit finding of bad faith. It doesn't have to be explicit. In the Prudential case, this Court affirmed Judge Walz, who found implicit findings of bad faith on very similar facts, by the way. There was – you know, there was frivolous filings made to recuse the judge. There was – the filings were sent to the press. We're pretty familiar with it. And so, yes, so it could be the cause for sanctions. With respect to this implicit, put aside implicit, we still need to look at the record. Give us some examples of what you think actually demonstrates bad faith. Sure. There was a filing made to stay the upcoming trial, and the discharge made on the same day the motion for evidentiary hearing was made. We believe that shows. Now, the judge – the district – the bankruptcy judge did not refer to it, but as the case was clear, this Court can look at other findings that – as long as it's supported by the record. There's the motion for stay. There's the fact that counsel sent this – or did a press release in order to embarrass counsel and the trustees. There's also Judge Fitzgerald's finding at the hearing on the sanctions where she said, in fact, she said that the court has been delayed in getting to the merits because of subsidiary litigation, which has little merit. That's in the supplemental appendix at 109. So the bankruptcy court found that, similar to Judge Walls, that there was a deluge of litigation, a deluge of subsidiary litigation, and therefore, based on that, she can conclude what she did, that these were filed in bad faith and for delay. Thank you. Thank you, Judge. Thank you, counsel. Oh, I have one question more. There's some reference in the briefing to the trustee indicating to the appellees here that if certain issues were withdrawn from the court, no Rule 11 sanctions would be filed. And, of course, their argument to us is that there was – the implicit argument is there's bait and switch here, that they did withdraw, and then you filed the 1927 sanctions motion. Since part of what is being sought here is the power of the court to right wrongs, what's your response to their assertion that you guys are really in the wrong? You've led them to believe that if they took certain acts, they wouldn't face this motion at all, and now they are. Right. But all we did in that letter was we just simply said the rule is that you have 21 days safe harbor. That's what the rule says. If you file on that, then we can't file, that there's a safe harbor provision. There's nothing, though, that prevented us, nor did we say in any way that we wouldn't seek additional sanctions. And remember what happened here. What happened here was that the Fox Rothschild, my law firm, was dismissed – was involuntarily dismissed by the bankruptcy court. It wasn't voluntarily dismissed. The trustee was voluntarily dismissed. But if you look at the record, only after the bankruptcy court said on the prior hearing, I don't find this anything here as to the trustee. I'm going to give you one more shot. We'll redo this hearing. And, you know, and it got scheduled the 18th. And then on the 15th, they withdrew it. So the writing was on the wall at that point, Your Honor, is all I'm saying. Okay. All right, thank you. Thank you very much. May it please the Court. Norman Abood on behalf of myself. I represent Mr. Prosser, but I'm here pro se and along with my co-counsel, who have joined in – prospectively joined in my arguments here today. The Court, I believe, has rightfully focused on the jurisdictional issue. But procedurally, just to be clear, what happened here was there was the January deposition of Mr. Stelzer, which literally took two years to get in the first place. And during that deposition, in looking around the room, it was astonishing to me. I was the questioning attorney who was paying for all of these lawyers and offices and so on. So I asked the question. We're well familiar with the facts, and we're also familiar with the district court – excuse me, the bankruptcy court's several remarks, and indeed what appears to be your acknowledgment that there's no basis for asserting that the trustee and Fox Rothschild were part of some alleged scheme for bribery. That being the case, how is it that you're in a position of arguing to us that the district court was correct to say there was no basis in the record for upholding the sanctions order? There's a little twist in the way the words are construed, Your Honor. We did not assert that Fox Rothschild or Mr. Carroll, the Chapter 7 trustee, had directly participated in attempting to bribe, as we characterized it, Mr. Stelzer. Our concerns with the Chapter 7 trustee were specifically the misrepresentation on the record of Ms. Katz. The fact that – That got taken care of pretty early in that process, once it was pointed out that there had been – and yet there were motions to stay, there was the conflicts motion, these things were being filed in the underlying bankruptcy proceeding in Chapter 11. Those were after. Yeah. I'm sorry, those were before. Exactly. Those were before there was a formal correction on the record. But you have sworn testimony from the witness himself who said the lawyer, Ms. Katz, made a comment about they never met before, and then he testifies, we had dinner together. You had sworn evidence from a witness as opposed to a representation of counsel. How did that justify this barrage of filings? Well, here's why. Because immediately, even though Judge Fitzgerald, the bankruptcy judge, acknowledged on the record during the deposition that at a minimum we had established a question of Mr. Stelzer's credibility, the next week, the next week she granted partial summary judgment based solely on Mr. Stelzer's testimony. And she also ordered in that partial summary judgment that we were precluded from challenging the bases for her findings in the summary judgment. How is that relevant to the question that we're struggling with here, which is – and I've taken us past jurisdiction, we're probably going to want to get back to that, but assuming we're past jurisdiction, how she handled Mr. Stelzer's credibility issue relevant to the question of whether you had a basis, a good faith basis, for asserting the things you asserted about Mr. Carroll and Fox Rothschild being involved in some bribery scheme involving Mr. Stelzer. That's what's going on here. Our concern at the time was that there's a statutory and a professional duty, but there's a statutory duty for the trustee and there's a professional duty for trustees' counsel when there are questions of potential illegal acts to make a reference, to raise those issues. It's an affirmative duty. Instead of doing something about it, they took advantage by their silence, by doing nothing, of that summary judgment. So we are now confronted with what's going on here? Who are the real players? So we asked – we didn't make – we tried to be very careful. I thought we were very careful in simply laying out the facts in our motion and saying these – we believe these raise serious questions, and we are asking the Court to conduct an evidentiary hearing. Kagan. How do you reconcile those acts with the press release? How does that further your obligation for an inquiry in the courtroom, the press release? We were confronted with a number of inquiries, and we responded to the press. There was a lot going on. This was a high-profile case, especially down in this jurisdiction. There had been a number of very heated adversaries. There had been a number of which we've prevailed on. We've not just lost everything. We've actually, through our efforts, won reversals and so on. That might be the case, but let's get to the point of how does going to the press with accusations of bribery comport with your obligations as you've just described them? We believe that everything we said was accurate, and we still believe that what we've said is accurate. As a matter of fact, if you go through the history – Well, I don't know that that's a fair characterization. That's what you said in your papers, right? I mean, you accused them of being participants in a scheme to bribe, and you did it not once. You did it multiple times in different motions, did you not, including in an appeal to this court? No. No? No. What we said in our motion with regard to the Chapter 7 trustee and counsel is very specific. We said there was a misstatement on the record by Ms. Katz. There was a participation in the benefit of the tainted testimony without action, which we believe implicates the Chapter 7. When someone accepts the benefits of something, especially when they have an affirmative duty to act, to at least make inquiry, which is all we were doing, we asked the court to make inquiry. And the district court agreed. The problem they have with their position in this case is everything we've asked for has been granted. They're sanctioned. They're asking us to be sanctioned. We filed the motion. It was granted. How can that be sanctionable? What motion? You're talking about the motion for a hearing? For an evidentiary hearing. Which was referred by the district court to the bankruptcy court. The motion was granted, and then he referred it to the bankruptcy court. The bankruptcy court ordered us, me specifically, to file the adversary. I can quote you from the transcript. That's all right. I'm aware of it. Okay. But what about the motion for conflicts? What about the objections to the fee petition? What about the fact that all this is going on in like a three-day period, just about two weeks after this deposition testimony? We were confronted with that. Why didn't you make a phone call? I mean, that's what the bankruptcy court said. Pick up the phone. And with all due respect to the bankruptcy court, the sharp practice referred to by the panel in sending the Rule 11 letter demonstrates this is ñ there was no getting something done by way of phone call. It was only after we filed the motion for evidentiary hearing in the district court, and then that was brought up at the omnibus. Okay? They had ñ the Chapter 7 had plenty of time to make the correction on the record. They didn't do it until after we pressed the issue. But you also had the witness testify that there was ñ that he had met the person before. You had evidence in the record contrary to the representation before you made all these filings. And I don't understand how you didn't at least take note of that. The witness himself under oath said, yes, I met the person before. That was the ñ we did take note. That was the basis in the motion for saying that this should be retracted. What should be retracted? The statement of the counsel? Yes. You had a sworn testimony. And you got it within two weeks. Well ñ And I just want to follow up on the Rule 11 comment. You said the Rule 11 letter was sharp practice. No, no. Not the letter itself. Excuse me. Okay. That's what I thought you said. The consequence, the follow-up. We fully believe that what had happened was we filed the motions. They were granted. It was referred to the bankruptcy court. It was ordered to file them as an adversary against all parties without any changes. So to say that we should be sanctioned for filing the adversary complaint, I would have been sanctioned for not following the bankruptcy court's order. With regard to the conflicts motion, similarly, it was raised orally at the January 29, 2010, omnibus hearing with the bankruptcy court. She instructed ñ by Mr. Schoenbach, my co-counsel. She instructed him, Mr. Schoenbach, file a motion. I'm going to have an evidentiary hearing anyway. This way they'll have an opportunity to review it and respond to it. So your position is that all these filings were because the bankruptcy court instructed you to make them? Is that the defense to the accusations by your adversary of frivolity? Yes. As to the adversary complaint, the motion for conflicts was raised orally, and we were instructed to file it in written form. That's what happened. And we're now being ñ sanctions are being sought. With regard to the Rule 11 letter, we ñ by the time that came up, all the relief we had asked for with regard to the Chapter 7 trustee and Chapter 7 trustee's counsel had been granted. We had asked for an evidentiary hearing. We had asked for a ñ granted. We had asked for a retraction on the record. It was accomplished. We had asked for a ñ that the Chapter 7 ñ our main concern with the Chapter 7 was, wait a second, you heard the same testimony from Mr. Stelzer that we did. Aren't you supposed to be doing something about it? The rules say you are, and you haven't. So we were concerned, and we wanted a hearing as to why they weren't doing anything about it. The judge, Fitzgerald, she referred the matter to the Department of Justice. All the relief we had asked for had been granted. When you say all the relief we had asked for had been granted, since part of the relief you were asking for in your motions was an opportunity to implicate the Chapter 7 trustee in a bribery scheme, and Judge Fitzgerald expressly stated, I haven't heard anything about that. There's nothing to support that, and you acknowledge that. It's a little odd for you to say everything that you looked for you were getting, because that was expressly rejected on the record after hearing the testimony, was it not? No. Well, wait a second. Well, let me ñ Your words quoted in some of this briefing, and certainly in the record, indicate that you acknowledge there was nothing there to support the accusation. We weren't making the accusation. Well, certainly Judge Fitzgerald thought you were, right? She treated it as if you were making an accusation. At the time she made those comments, we were all in agreement. The Chapter 7 trustee keeps saying we have accused them of being participant in a bribery scheme. What we said was there appears to us to be a bribery scheme, and we don't know if you're a participant in it. We need a referral for an investigation to so determine. We did not make the accusation against them in the motion, or the subsequent adversary complaint was just a copy of it. Is there a clearly erroneous standard for reviewing findings of fact made by the bankruptcy judge in connection with an evidentiary hearing? There is, isn't there? There is case law that says that it's a de novo review, even on a summary judgment. Of facts? Of the facts, I agree with you. Okay. So there was an evidentiary hearing, Judge Fitzgerald makes findings of fact, including that there's no foundation for including Mr. Carroll and Fox Rothschild in any allegation associated with the bankruptcy, excuse me, with a bribery scheme. The district court, in reviewing that, does not appear to apply a clearly erroneous standard in any way. Is that correct? There's a presumption in the question, Your Honor, which I apparently haven't made clear my response to, and that is we did not say you are a participant. We said the facts as such. Well, whether you think you said it or not, apparently Judge Fitzgerald thought you said it because the way she framed her sanctions order was that you were guilty of bad faith multiplication of proceedings in part, and in the main, because you used this bribery allegation as leverage to file a number of motions. Have I misread her ruling? I don't think you've, except to the extent that I just articulated, I don't think she accuses us of making the allegation that they are a participant in a bribery scheme. Her comments were made on the record in response to the same argument that's been made throughout, which is the Chapter 7 trustee saying you've accused us of being participant in a bribery scheme. She's saying back to them, no, there's nothing in the motion, you can read it, that accuses you of being participant in a bribery scheme. There's these other problems, and there's this request for referral, which she granted to investigate what was going on. So could we get to, do we have jurisdiction? No. Maybe you can explain why. Okay. I'll try to be brief because I'm running out of time. Sure. The procedural history is, as you know, there was, the adversaries were filed pursuant to the motions. What's left? What's left? What happened was, I'll jump to the end. The district court made its decision and vacated and remanded. There was more, first of all, the Court's aware from the questions about the arguments that were made for a full-blown evidentiary hearing. Sure. There was more than that. There was an escrow agreement whereby the three of us, counsel, were escrowing monthly payments. Is that just ministerial to just take care of that? That was, well, ministerial, there was briefing, response, reply, and a hearing with argument on the record, and then a subsequent decision. There was a substantive argument that had to be determined relative to the escrow agreement. It was not ministerial. Also, if the Court looks at the procedure that's being requested, it would allow for direct appeal from the Bankruptcy Court to the Third Circuit. The case was remanded back down. It wasn't just ministerial. There was, as I just articulated, all the other issue and the hearing and so on and so forth. That required, that was the last act. But the order that's being appealed was the finding that the conduct is sanctionable. That was the order of appeal. What was going on before the Bankruptcy Court was to return your escrow money. Why isn't that ministerial? That doesn't have to do anything with the merits of this sanctions award. It's getting you back your money. That's what was going on after the district court vacated. That required a substantive determination, a substantive interpretation of the language of the contract. That was not a ministerial act. There was briefing, response, reply, and oral argument on the interpretation of that contract. And the trustees and trustees' counsel were arguing. You argued it was final before the Bankruptcy Court, right? I argued that there was nothing, that what was. . . You said a position that's directly contrary to the position you're taking before us now, didn't you? What happened at the Bankruptcy Court level was that we had a new judge. So they were asked, and she had announced, it's not in her minute record, but she had said, I am not going to, in response to their arguments, I am not going to rehear this whole case. She did say that, but you, I'm asking about you, not Judge Walrath, you argued vociferously there's nothing more to be done here. This is over. The judge, the district judge, gave its own review of the record and said there's not a basis for sanctions. We're finished. Wasn't that the position you took? That was our position, yes. So what's different now? How come you can say that on the record in the Bankruptcy Court, assert that it's final, and then come here and say, and not really? We asserted that there was nothing more for the Bankruptcy Court to do, that we wanted the Bankruptcy Court, we didn't want another hearing. No question about that. We wanted to be done. The Bankruptcy Court didn't say specifically, I agree that's a final hearing, a final order, and all I have to do is ministerial. What she said was, I'm not going to relive this case. I'm not going to rehear it. She hadn't lived the background of the case. She didn't want to get involved in it. That's the decision that was made. Yes, did I take a position? Did we take a position? Yes, we did, and we argued against doing that. She agreed that she would not conduct additional hearings, but there were other things involved that didn't make it legally binding. Leaving what she set aside and getting back to the jurisdictional point, if there's a – let me put to you the same question I asked Mr. Israel. If there were other issues and parties whose – the resolution of whose issues had not been dealt with in the adversary proceeding at the time you took the appeal of the sanctions order, how is it that the district court could properly have exercised jurisdiction over your appeal? I'm not aware of there being other parties left to be dealt with. Wasn't – at the time you took the appeal, correct me if I'm wrong, at the time you took the appeal, weren't there still issues in the adversary proceeding associated with the Chapter 11 trustee? With all due respect to the court, I have to defer. I don't remember the exact timing of the bankruptcy court's final order with regard to the Chapter 11's attorneys and the – Alvarez and Marcellin. And by the way, they were sanctioned. For the sake of discussion, assume for the sake of discussion that at the time you took your appeal, there were still issues outstanding in the adversary proceeding, that that hadn't been entirely wrapped up. Would that have made the bankruptcy court's order non-final and therefore non-appealable to the district court? That's a tough question. I did file an initial appeal when she found us that we had violated the rule. That was sent back by the district court as being not ripe. After she found her monetary award, it went back up to the district court and the district court accepted jurisdiction. As to the other parties, I haven't researched that, Your Honor. I don't have an answer for you on that. Whether or not they could be separated in such a way as to be separate and distinct. Okay. And I'm imposing on my colleagues here as well as on your time, I apologize. One last question. Assuming for the sake of discussion that the district court acted without jurisdiction because that was a non-final order from the bankruptcy court, what would the proper resolution of this appeal be? That is, would we be bound, as Mr. Israel says, to vacate the district court's decision because it was without jurisdiction or is there some other resolution to a problem of that nature? That follows on. That's an interesting question I have not reviewed because I didn't review the initial question that you asked. It would seem there would need to be some, I would argue there would be some equitable tolling because the district court had the right to determine its own jurisdiction, which I think you're saying is what if they were wrong. I'm not sure whether that would act as a tolling. The court's taking jurisdiction would be an equitable tolling. I don't have the answer to that. Okay. Thank you. Thank you, counsel. Just for Judge Jordan's purposes of asking, I think I misspoke. December 20, 2011 was when the bankruptcy court decided the entire adversary against Chapter 11, against Fulbright, Jaworski, all those. Again, what date was that? December 20, 2011. That memorandum of opinion was issued. The district court, on the appeal of the sanctions order, issued its memorandum of opinion in February 2014. So it was about a year and a half later. And by the way, on the December 20, 2011 memorandum of opinion, no appeal was taken from that. There was actually an appeal taken. It was late and it was stricken. So that's a final, done, complete. Getting back to a question Judge Swartz had of my opponent, which is, you know, this all happened, all these filings three weeks after, and I think my opponent said, well, we got all the relief we sought. In fact, keep in mind, a one-week, what was happening one week after those filings were being filed was there was a discharge trial which was coming up. And we believe that the reasons for these filings were to delay that. And the proof's in the pudding. There was a motion for stay filed on the same day the motion for evidentiary hearing was filed. And so we think that the record does support the determination that these filings were made for the purposes of delay. With respect to the question of whether or not there was a clearly erroneous standard was properly applied here, we believe it wasn't. If you look at the opinion itself, the actual district court opinion, what the judge does, the judge, he recognizes the correct standard, which is clearly erroneous to me. There's not any, not a minimum of evidentiary support in the record that has a hue of credibility. That's what the judge says. But then when he goes on to do, he says, well, there's some statements here which look like it could support that this is baseless, and there's other statements which looks like it's support that it's not baseless. When he does that, we believe respectfully he commits error. Because that's not for the district court to do. But he vacates the order, right? He vacates it. That's correct. And a vacation of an order implies that there's something more to be done. A vacate and remand consistent with this opinion, which I think is the language he used, indicates that there's something to be done by the bankruptcy court, a point which you made when you were talking to the bankruptcy court. No question about it. That's what we believe. We argue to Judge Walrath. But I will say this, having had a chance to look at the issue, now that it was raised on appeal, the difference is that what the district court didn't do, he didn't vacate with instructions, he didn't remand with instructions for more fact-finding. He remanded for proceedings consistent with this opinion. But the opinion said repeatedly things like there's not enough here, you didn't do enough, there's not enough for me to engage in meaningful review. Isn't the clear implication of that go back and do fact-finding? That's what we thought. But the fact is, though, that Judge Walrath thought otherwise. And, again, Your Honor, I have to come back to what is it we were or could we possibly have done. If we appeal Judge Walrath, then we have that issue in the district court, we have another issue that's waiting to go to the Third Circuit. What if the district court says, no, I'm going to affirm Judge Walrath, then we're out of time to take this appeal. I'm not sure what you mean when you say, then we're out of time. Why weren't you in a position, why could you not have appealed Judge Walrath's decision to the district court and said, hey, you sent it back here for fact-finding. She said she's not doing it. That's a problem. Because if we were wrong on that, we could have done it. If we were wrong on that, then we now have a final order. We can appeal that. But this order, now we're way late to appeal. The 30 days is long gone. It's a different situation. You're in the same place. You were prophylactically appealing the other. I guess I'm wondering if you were really worried why you didn't just do the belt and suspenders. Well, because candidly, in retrospect, we probably should have done that. But, again, and, again, I'll go back to the case law we cite in the Third Circuit, which says that effectively if the purpose is to appeal the final order, even if you didn't, we're going to assume that you meant to and we're going to permit the review. Because, again, this Court looks to Conley, the Supreme Court in Conley versus Gibson, where the Court says you don't want to kick these things on technicalities. You want to get to the merits. And so if we were supposed to do that, we should have. But, again, I have to say the difficulty is, what I'm struggling with is, it's not like as if you have a summary judgment motion in the district court that shouldn't be filed. Then you have a final judgment and you take both of those up to the same court. Here you have one that already should go to the Third Circuit, the other that's going to go to the district court. How do you appeal both of those? We couldn't appeal both. You better wrap it up, counsel. You're a little over time. Thank you. Thank you. We'll take the case under advisement. And if counsel has no objection, we'd like to meet counsel over here just to come off the bench. And thank you for your advocacy.